**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>            Plaintiff,  )<br>     )<br>vs.  )<br>     )<br>Theodore Itsvan Joseph Kritza,  )<br>     )<br>            Defendant.  )<br>_____ ) | No.  CR 17-938-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Notice/Motion regarding Eligibility for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2) Based on Amendment 821 to the U.S. Sentencing Guidelines (Doc. 174) filed by Theodore Itsvan Joseph Kritza ("Kritza").  The government has filed an Opposition (Doc. 175) and a Notice of Victim Notification and Input (Doc. 178). Additionally, the United States Probation Office filed a Memorandum Re:  Retroactive Criminal History Amendment of Chapter Four Zero-Point Offender - Eligible (Doc. 176) as well as an Addendum (Doc. 179).

*Factual and Procedural Background*

Kritza acted as a fiduciary/day-to-day manager for the victim, a professional basketball player.  The charges in this case were based on allegations that Kritza misused his access to the victim's credit for his personal gain.  On June 14, 2017, Kritza was indicted for nine counts of Bank Fraud (18 U.S.C. § 1344(2), ten counts of Wire Fraud (18 U.S.C. §1343), and three counts of Aggravated Identity Theft (18 U.S.C. § 1028(A)), as well as a forfeiture allegation.

On May 3, 2021, Kritza entered a plea of guilty to Counts 7 (Bank Fraud) and 15 (Wire Fraud) of the Indictment pursuant to a plea agreement. Further, the plea agreement included, *inter alia*, a waiver of defenses and appeal rights:

> 21.   The Defendant waives any and all motions, defenses, probable cause determinations, and objections that the Defendant could assert to the information or indictment, to the Court's entry of judgment against the Defendant and imposition of sentence upon the Defendant providing the sentence is consistent with this agreement. The sentence imposed in consistent with the terms of this agreement provided Defendant receives a sentence of 0 to 70 months imprisonment for Counts 7 and 15 of the Indictment. *The Defendant further waives* (1) any right to appeal the Court's entry of judgment against Defendant; (2) any right to appeal the imposition of sentence upon Defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack Defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and *any right to file a motion for modification of sentence, including under 18 U.S.C. §3582(c)*. The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the Defendant might file challenging his conviction or sentence in this case. If the Defendant files a notice of appeal or habeas petition, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by Defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Plea Agreement (Doc. 134, pp. 9-10), *emphasis added*.

The matter proceeded to sentencing on April 19, 2022. The sentencing range was calculated pursuant to the United States Sentencing Guidelines ("USSG") in the Pre-Sentence Report ("PSR"). Kritza's Base Offense Level was 7, with 18 points added for financial loss resulting from Kritza's fraudulent conduct, two points added for specific offense characteristics, and two points added for the role in the offense. The level was also reduced by three for acceptance of responsibility, for a Total Offense Level of 26. Kritza's Criminal History Computation, with zero points, resulted in a criminal history category of I. The USSG advisory range was 63-78 months.

During the sentencing hearing, the Court adopted the offense conduct, guideline computations, and advisory guideline found the PSR. The Court stated she considered the statutory factors, including the advisory guidelines. Further, she discussed the breach of not only a fiduciary duty, but also of a friendship, and that the fraudulent conduct was not an

1  isolated incident, but occurred over a lengthy period of time.  The Court also discussed
2  mitigating factors, including that Kritza is a devoted father and how his sentence may impact
3  not only his family, but also his community.  Additionally, the Court recognized the sentence
4  needed to reflect the seriousness of the offense, promote respect for the law, and provide adequate
5  punishment to provide general deterrence for others that may be thinking about committing this type
6  of crime.
7      Kritza was sentenced to 70 months in the custody of the Bureau of Prisons on each
8  count, with the sentences to run concurrently.  Following his release, Kritza was also ordered
9  to serve a five year term of supervised release on the Bank Fraud offense and a three year
10 term of supervised release on the Wire Fraud offense, with the terms to run concurrently.
11 The remaining counts of the indictment were dismissed.
12
13 *Waiver of Right to Request Modification Pursuant to 18 U.S.C. § 3582(c)*
14     The government argues Kritza waived the right to bring this request based on the
15 waiver included in the plea agreement.  Indeed, the plea agreement appears to explicitly
16 waive Kritza's right to make the request.  Further, at the time of sentencing, it was discussed
17 that the plea agreement did not preclude Kritza from filing a motion for  compassionate
18 release – unlike compassionate release, the plea agreement specifically included a waiver of
19 the right to request a modification pursuant to 18 U.S.C. § 3582(c).  The Ninth Circuit has
20 recognized that such waivers may be enforced; however, § 3582(c) authorizes a court "on its
21 own motion" to reduce a sentence. *United States v. Malone*, 503 F. Appx. 499, 500 (9th Cir.
22 2012).  The Court finds Kritza has waived the right to seek a reduction in sentence pursuant
23 to § 3582(c).  However, because this Court has the authority to reduce Kritza's sentence on
24 its own motion, the Court will consider the arguments of the parties.
25
26 *USSG Amendment 821*
27     A judgment of conviction that includes a sentence of imprisonment may not be
28

modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). This section establishes an exception to the general rule of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under this provision, the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

The Court must first determine if a retroactive amendment to the USSG lowered a defendant's guideline range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826. The Court must then consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment as not consistent with the policy statement if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG 1B1.10(a)(2)(B); *see also* USSG 1B1.10, Application Note 1.

Amendment 821 to the USSG took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, United States. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (last accessed May 16, 2025). Amendment 821 is bifurcated into Parts A and B.

Part A of Amendment 821 limits the criminal history impact of "status points" under USSG. § 4A1.1. Specifically, with regard to such "status points," a defendant who committed an offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status, previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to eliminate such status

- 4 -

points for any defendant who otherwise has six or fewer criminal history points and apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. Kritza seeks a reduction of sentence pursuant to this amendment. The government agrees Kritza is eligible for a reduction, but opposes the reduction based on the waiver and because discretionary considerations under § 3553 weigh against a reduction.

*Eligibility of Relief*

The Court agrees with the parties that the application of Amendment 821 results in elimination of the status points from the guideline calculation in this case. This results in an Amended Total Offense Level of 24 and an Amended Criminal History Category of I. The USSG sentencing table sets the amended guideline range as 51-63 months. In other words, Kritza is eligible for relief under Amendment 821.

*USSG 1B1.10 and Consideration of Section 3553 Factors*

Section 3582(c)(2) "permits but does not require the court to reduce a sentence," and it is the intent of the statute that a court's discretion be used in order to "ensure[] that § 3582(c)(2) does not produce a windfall." *Freeman v. United States*, 564 U.S. 522, 532 (2011); *see also United States v. Wales*, 977 F.2d 1323, 1327-28 (9th Cir. 1992). "Even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." *Id*.

In determining whether a reduction of a sentence is appropriate, a court shall consider "the factors set forth in 18 U.S.C. § 3553(a)[,]" shall consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[,]" and may consider the "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment[.]" USSG 1B1.10, App. Note 1(B).

The 18 U.S.C. § 3553 factors include, but are not limited to: (1) the nature and

circumstances of the offense and the history and characteristics of the defendant, including Kritza's post-sentencing conduct; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and; (3) the modified guideline sentencing range of 51-63.

In this case, Kritza engaged in a course of conduct from September 2005 through October 2013 of fraudulent conduct which resulted in his stealing millions of dollars from the victim, Kritza's friend and employer.[1]  Indeed, Kritza was ordered to pay the victim $4,794,874.41 in restitution. Kritza's conducted included, *inter alia*, receiving advances from the victim's lines of credit, forging a power of attorney fraudulently representing he had authorization to act on behalf of the victim, and establishing lines of credit to initiate and allow him to transfer the victim's funds to Kritza, and transferring funds from the victim's accounts to Kritza's accounts; Kritza's conduct continued after the victim signed a revocation of powers of attorney.  Kritza used the stolen money to fund an opulent lifestyle. Additionally, when the victim was sued regarding funds stolen by Kritza, Kritza falsely claimed the victim was aware of a line of credit and was responsible for the balance.  The lawsuit resulted in a judgment over $500,000 against the victim, with the victim also having to pay about $300,000 in attorneys' fees.  Kritza's conduct during the lawsuit exhibits a lack of remorse (at that time) for conduct for which charges have been dismissed.  Additionally, the charges dismissed pursuant to the plea agreement spared Kritza from additional mandatory prison time.

The PSR indicates the victim believes Kritza stole over $10 million, much of which could not be proven.  Further, the victim had tried to move on with his life but had been forced to repeatedly relive the events because of the prosecution process.  This includes the FBI refusing to release incriminating information about Kritza during the pendency of the civil lawsuit against the victim.  The victim believed Kritza's actions could have sabotaged

---

[1] The FBI investigation revealed Kritza used his trusted status as a fiduciary to steal money from not only the victim in this case, but another person to whom Kritza owed a fiduciary duty.

- 6 -

the victim's efforts to help his family; had the victim not been able to have an extended career, the financial losses caused by Kritza could have been devastating.[2]

The record indicates Kritza has exceptional family ties and responsibilities. Kritza is a devoted father and the children may be significantly suffering in Kritza's absence. During the sentencing proceeding, Kritza was remorseful, took responsibility for his actions, and expressed his regret how his actions resulted in lost time with his family. The sentence imposed on Kritza likely had collateral consequences affecting Kritza and his family. Additionally, Kritza suffers ongoing health issues.

As the Court discussed during the original sentencing, Kritza used every opportunity to steal money from the victim to maintain a lavish lifestyle for his family. The victim's trust was betrayed by a friend and fiduciary. Further, the victim had to spend additional funds to hire an attorney and a forensic accountant to uncover the scheme and expend funds in civil litigation that resulted from Kritza's conduct.

The Court pointed out Kritza's conduct was not isolated, but lasted from 2005 to 2013. During this time, Kritza could have made different decisions or stopped the conduct. Further, Kritza was educated, had incredible contacts and opportunities to lead a law-abiding life and not commit the crimes. The Court recognized the impact to Kritza's family, but noted that the children of other sentenced parents are also greatly impacted by the choices of their parents.

The Court also recognized the advisory guidelines were simply guidelines, but are supposed to represent what the normal or average sentence should be for a person who commits specified types of crimes. Further, because of the high value of the fraud over many years this case included a fairly high offense level. Further, the Court considered the need for the sentence to reflect the seriousness of the offense and the need to promote respect for the law and provide adequate punishment to deterrence.

---

[2] According to the PSR, although Kritza's fraudulent conduct as to the other victim was not charged in this case, Kritza's conduct was even more damaging because that victim did not have the same financial resources available to him.

At the time of the original sentencing, the Court determined the advisory guideline range (63-78 months) was a fair and appropriate range of sentence for the charges to which Kritza pleaded guilty. The amended advisory guideline range is now 51-63 months. However, again considering all of the statutory factors of sentencing, including the amended guideline range, the Court finds the original sentence is warranted and a reduction in sentence is not appropriate. The Court declines to exercise its discretion to reduce Kritza's sentence.

Accordingly, IT IS ORDERED the Notice/Motion regarding Eligibility for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2) Based on Amendment 821 to the U.S. Sentencing Guidelines (Doc. 174) filed by Kritza is DENIED.

DATED this 16th day of May, 2025.

_____
Cindy K. Jorgenson
United States District Judge